15-11-20 Shanika Parchman individually and as a personal representative of the estate of a baby boy Parchman versus the City of Taylor et al. Oral argument 15 minutes per side. Mr. Blake for the plaintiff appellant. And if you've reserved time please indicate to us what how much you've reserved. Thank you your honors. Dave Blake on behalf of the appellant Shanika Parchman and I minutes for rebuttal. That's fine you may proceed. Thank you your honor. In this matter the district court erred when it granted appellees motion for summary judgment based upon qualified immunity and should be reversed. The record evidence before the district court shows that there is a question of fact with respect to the amount of force utilized in taking my client Ms. Parchman into custody during an arrest for a misdemeanor shoplifting case at a Meyer store located in Taylor Michigan. Well whether that's true or untrue you you in order to establish that the person you sued here violated your client's constitutional rights you have to have some evidence that he's the one that actually applied the force whatever that was and you don't have any evidence. I do your honor if you look in our brief it was a bit of a creative defense here when the appellee officer Taylor made the representation that he was not the person that took my client into custody but if you look at the deposition testimony of two other officers on the scene it is the policy of the city of Taylor Police Department to list the arresting officer as a person who took the person into custody. Here's the problem that we have when we see arguments like that. Your brief says that these two other officers admitted or stated that this officer was the one that took him into custody and the reason that you do that is you don't include the rest of what they said. They said they don't have any idea in this case. They said generally the arresting officer will prepare the police report but they don't have any idea whether that actually happened in this particular case. So you have a let's assume that more often than not the person that makes the arrest prepares the report. Your client can identify this guy, describes him in a way that's considerably different than his actual appearance, says he's driving a truck and he was really not driving a police car or vice versa. How do we get by all that? Well I think your honor if you look at the deposition testimony that I've cited it's clear that this particular officer was the person who placed my client under arrest and you couple that. What do you want us to look at for that? That's not clear at all. Well if police officer says he shows up he talks to the loss prevention officer and she points out the four women that are in the parking lot that allegedly stole merchandise and they're taken into custody. At no point does anybody say that this guy arrested anybody let alone your client. Well I think if you look at the record page ID 594 and you look at the deposition testimony of officer Jobeck and as I pointed out in my brief on page 10 based on your training and experience with the Taylor Police Department would the arresting officer be the reporting officer and that's who is listed on the report in question and he testified yes that would be the case. Let me ask you one more question about that that I'm curious about. There are four individuals who were arrested here right? Correct. Is it your client's position that the that Taylor arrested all four of them? No your honor. So there's only one report we've looked at the report the one the one report speaks to four people including your client and what is it her sister or something like that? A sister and two friends. Okay being arrested. Right. So let's assume for purposes of our discussion that some the person that makes at least one of the arrests would prepare the report. Let's assume that for purposes of our discussion that this officer arrested your client. At best it shows he arrested one of the clients one one of the women and then everything else that we know beyond that suggests that it's not this person because you're because of your client's own testimony. Well I think your honor if you look at my client's testimony she ultimately did identify officer Taylor in her deposition. Not that I found where does it can you cite can you cite to that? At this point your honor I can't but I believe it was towards the end of her deposition that she did identify officer Taylor as the one who took her into custody and when you couple that with end of the deposition question so you have no idea sitting here today whether you had contact with him or not fair statement? Question mark. Answer correct? I can't tell you for sure whether that I don't think that's the last page of the deposition it's just the last page in the excerpts I have here it's from page 217 so you telling me something after that? I believe it was your honor it was my belief that she did ultimately identify officer Taylor as the person who took her into custody. Why don't you look for that when you after you you're done and when you come back tell us what page that you want us to look at all right? And let me if I might interject a question at this point the only deposition testimony that I was able to find here is the excerpts from her deposition that were attached to the summary judgment or part of the summary judgment proceedings so I wasn't able to I believe it was your honor. And and was that called attention to in the summary judgment proceedings or was that only the actual excerpts that were part of those proceedings? No your honor I believe it was called into attention at the summary judgment proceedings. Well depositions are not generally filed right? I believe it was attached to either myself or Apelli's brief your entirety of it or only the portions you were relying upon which would be the normal practice in federal court? Only the portions that we were relying on. So then what we have is presumably what you attached and I'm I've just read to you what's at the end of it there's nothing we don't have anything past that. I'll look into that your honor while the Apelli goes. All right. Thank you. Anything further? All right thank you. Good morning your honors. Gina Pizzoli appearing on behalf of the Apelli City of Taylor and Corporal Michael Taylor. It's our position that Judge Denise Pagehood was absolutely correct in her ruling based on the record submitted to the court. I'd like to address just one housekeeping matter I think. Appellant's civil appeal statement states that the appeal is against all defendants. So that would include the City of Taylor as well. However the appellant has not made any argument whatsoever regarding why the City of Taylor would be liable to plaintiff in this case and why the district court erred in granting summary judgment to both Corporal Michael Taylor in his official capacity and to the City of Taylor. In addition I won't take up a lot of your time I know we started quite late this morning due to unforeseen circumstances. However there is absolutely no evidence that has been submitted in this case that Corporal Michael Taylor had contact with the appellant on the date of the incident. Just out of curiosity this is probably a question better asked to Mr. Blake. Normally in a case like this we see the party aggrieved sues the city and every officer on the scene and every officer that had contact after when it's a medical care case. Is there something that we're missing that you can help us out on why the they only sued this particular person? No in our rule 26 disclosures submitted after the answer to the complaint was filed we identified all officers on the scene we provided all police reports. You didn't provide any information about which officer actually arrested Ms. Parchman isn't that correct? We did provide information and answers to interrogatories served on us in September of 2012 and that question wasn't asked regarding who arrested her during that time. We provided answers to interrogatories in less than the 30 day time requirement on October 16, 2012 stating that Corporal Michael Taylor did not strike plaintiff and did not have contact with her. We also submitted additional answers to interrogatories before our motion was filed, our motion for summary judgment and in those answers to interrogatories we said at that point we don't know who physically had physical contact with her in 2013. This was an uneventful retail fraud arrest that occurred. There was one arrest, one officer who arrived, Corporal Michael Taylor. It's clear by all the evidence that as Judge McKeague stated, Corporal Michael Taylor immediately went to the loss prevention associate who pointed out the suspects and Corporal Michael Taylor, all the evidence shows that Corporal Michael Taylor then pointed out to the other officers arriving on the scene that these are the suspects and that they had contact with her and it's interesting in Appellant's testimony she even states that there were other officers who had arrived before this officer, this chubby officer in the black truck arrived. So that even further substantiates that Corporal Michael Taylor as the first arriving officer had already been there. There was no motion to amend the complaint was there? No, and we produced all of the officers for depositions and I think even after discovery, Appellant was not at the depositions. I brought my client to each and every deposition we scheduled of the Appellant. She failed to show three times for her deposition, although it had been confirmed and we were all present at the Appellant's attorney's office. So you think Taylor didn't arrest any of these women? That's correct. We all have the police report of course and it doesn't seem to have a place where you actually put the name of the person that took somebody into custody on the report? Correct. So if it was going to appear anywhere it would be in the narrative at the beginning? Due to the fact that this was not an eventful situation, again it was a retail fraud arrest, you know is that the name of every officer who arrests every defendant would not be placed therein. Is there a record that the police department keeps that would say who the arresting officer was? No. None? Okay. No, not in this type of situation. Not in this type of situation. So I gather what you're suggesting from talking to the other officers whose depositions were taken, they simply don't remember who did what. Corporal Matthew Menard testified he may have arrested the plaintiff, he couldn't recall. I hate to say this but Corporal Menard is on the chubbier side. But there was no motion made to amend the complaint and no motion to pursue any other officer at the scene. It's also our position that even accepting everything plaintiff is saying, that she was pushed up against the car to be handcuffed during this arrest, that that was objectively reasonable, that that was not excessive force. And even her sister testified, Shamika, that she saw the officer put one hand on the opponent's back, pushed her up against the car and took her other hands and handcuffed her. And she could not identify Corporal Taylor as being at the scene of the arrest even though she any questions? No thank you. All right, thank you. Thank you very much. So Mr. Blake, you seem kind of stuck here. What else do you want us to look at? Well, your honor, just to clarify with respect to the discovery in the matter, the city of Taylor throughout the litigation was... they would never identify who the person was who arrested my client. And again, if you couple that with the statements of the officers, the reporting officer is the one who placed the person under arrest, that's the best argument I can put before the court. Is it correct, as your opposing counsel suggests, that when the depositions of all four of these officers, or however many there were, were taken, that would have provided an opportunity for your client to try to figure out which one of them was the one that actually put hands on her that she didn't show up? Again, your honor, if you look, and I unfortunately can't direct the court to the specific deposition testimony, but again, it was my belief that she did identify ultimately Officer Taylor at her deposition. He was present sitting across from her and identified her... I'm sorry, identified him at her deposition. Each of the other officers who were deposed were evasive with respect to who actually placed my client under arrest. And I'm left with what I have. Saying they don't know is not evasive. If it's true, it just means they don't remember. So we've looked at the depositions and none of them are full-page depositions. In other words, the first one starts at page 98 and then they're just selected pages. So I'm assuming you selected the pages that were attached to pleadings below that we're now looking at? I did, your honor. All right. Anything else you want to say? No, I think that's it. Does anyone have any questions? Judge Batchel? No. All right. Thank you, counsel. Sorry for the delay this morning. We will take the matter under advisement.